3/26/2019 3:20 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32251419
By: Joshua Hall
Filed: 3/26/2019 3:20 PM

# 2019-21760 / Court: 165

## CAUSE NO. _____

| | | |
|---|---|---|
| **LAWRENCE and JOAN SINGER** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **OCCIDENTAL FIRE & CASUALTY** | § | |
| **COMPANY OF NORTH CAROLINA** | § | |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFFS' ORIGINAL PETITION

COME NOW, Plaintiffs, LAWRENCE AND JOAN SINGER, and file this, Plaintiffs' Original Petition against Defendant, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, and, for cause of action, would respectfully show this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1.     Plaintiffs intend for discovery to be conducted under Level 1 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. This case involves a first-party insurance policy dispute concerning damages attributable to a severe wind and hail storm. This dispute involves legal issues originating from the TEXAS INSURANCE CODE, common law, and recent Texas case law. It will include discovery regarding claims-handling practices, coverage decisions, adjustment/payment of claims, including Plaintiffs' claim, as well as and the systematic approach by Occidental Fire & Casualty Company of North Carolina and its adjusters to the handling of catastrophic loss property damage claims arising from wind and hail storms.

Certified Document Number: 84506291 - Page 1 of 9



## II.  PARTIES

2.      Plaintiffs, Lawrence and Joan Singer, are Texas residents who reside in Harris County, Texas.

3.      Defendant, Occidental Fire & Casualty Company of North Carolina ("Occidental"), is a Foreign insurance company licensed and authorized to engage in the business of insurance in the State of Texas. According to the Texas Department of Insurance, Occidental has a Disciplinary Action Company Status and may be served with process by certified mail, return receipt requested, care of its registered agent: **C T Corporation System, 1999 Bryan Street Suite 900, Dallas TX 75201 -3136.**

## III.  JURISDICTION & VENUE

4.       This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs state they seek only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

5.      This Court has personal jurisdiction over Occidental because Occidental is an insurance company licensed to do business in Texas and Plaintiffs' causes of action arise out of Occidental's business activities in this State.

6.      Venue is proper in Harris County because the insured property is located in Harris County and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County.  TEX. CIV. PRAC. & REM. CODE § 15.032.

Certified Document Number: 84506291 - Page 2 of 9

## IV.  FACTS

7.      Plaintiffs own the residential property at 12022 Cypress Creek Lakes Drive in Cypress, Harris County, Texas (the "Property"). Occidental sold, and Plaintiffs paid for, a Texas homeowners' insurance policy (the "Policy") to protect and insure Plaintiffs' dwelling, other structures, personal property, and other items applicable to the Property.

8.      On or about March 29, 2017, a storm accompanied by high winds and hail caused significant and widespread damage in and around Cypress, Texas, and to Plaintiffs' Property, specifically.  Plaintiffs' roof sustained extensive wind damage to its entire surface and to the underlying structure/framing during the March 29th storm. Evidence of hail wind damage is readily apparent from even a casual view.

9.      Following the storm, Plaintiffs promptly and timely reported their Property claim (the "Claim") with Occidental under the Policy and asked Occidental to cover the cost of repairs required to return the Property to its pre-loss condition, including, but not limited to, replacement of the roof. Plaintiffs are entitled to these benefits under the Occidental Policy as it specifically covered Plaintiffs' dwelling for hail and wind-related damage.

10.     Although Plaintiffs notified and, later, reminded Occidental numerous times of the significant widespread roof damage and major leaks throughout the interior of the Property, Occidental failed to fully and adequately inspect the damaged areas of Plaintiffs' property, including the roof, among other items and areas. Occidental's failure to record the full extent of the hail and wind-damaged Property resulted in an improperly under-scoped and consequently undervalued evaluation for repairs.

11.     To date, Occidental has refused to share the basis behind its conclusion that the amount of storm-related Property damage is less than the Policy deductible. Instead, Occidental

Certified Document Number: 84506291 - Page 3 of 9

has withheld its estimates and selectively provided Plaintiffs with only a copy of a report from Occidental's consulting engineer.

12.     Plaintiffs contend that, upon information and belief, Occidental set out and overtly sought to under-scope, underpay, and ultimately deny Plaintiffs' Claim for covered damages. Plaintiffs have suffered actual damages from Occidental's wrongful acts and omissions as set forth above and further described herein.

## V.  CAUSES OF ACTION

### Breach of Contract against Occidental

13.     An insurance policy is considered a contract under Texas law. Occidental failed to perform its contractual duties to adequately compensate Plaintiffs in accordance the terms of the Policy that it wrote and sold to Plaintiffs. Specifically, Occidental refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Occidental's conduct constitutes a breach of the insurance contract between Occidental and Plaintiffs.

### Non-Compliance by Occidental with the Texas Insurance Code, Unfair Settlement Practices

14.     Occidental's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

15.     Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Occidental's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs'

Certified Document Number: 84506291 - Page 4 of 9

damages; (2) stating that Plaintiffs' damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiffs' damages; (3) using its adjuster's and/or engineer's own statements and conclusions about the scope and degree of the damage as a pretext for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiffs in fact received.

16.     Occidental's unfair settlement practice, as described above, of misrepresenting— by words and acts/omissions—to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

17.     Occidental's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

18.     Occidental failed to explain to Plaintiffs the reasons for failing to include all covered damages in its evaluation and/or payment(s) on the Claim.  Furthermore, Occidental did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiffs' loss, nor did it provide any explanation for the failure to adequately settle Plaintiffs' Claim.  Occidental's conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES.  TEX. INS. CODE §541.060(a)(3).

19.     Although promptly reported by Plaintiffs to Occidental, Occidental did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' damages, both exterior and interior. Occidental's unfair settlement practice, as described above,

Certified Document Number: 84506291 - Page 5 of 9

of refusing to pay Plaintiffs' full Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### Non-Compliance by Occidental with the Texas Insurance Code, Prompt Payment of Claims Act

20.      Occidental's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

21.      Occidental's failure—and thus continuing delay—to remit full payment of the amounts owed on Plaintiffs' Claim following its receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

22.      Occidental's conduct constitutes a breach of the common law duty of good faith and fair dealing that a Texas insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

23.       Occidental's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, despite the fact that at the very same time, Occidental knew, or should have known by the exercise of reasonable diligence, that its liability was reasonably clear, constitutes a breach of Occidental's duty of good faith and fair dealing to Plaintiffs, which is both non-delegable and continues to exist until the relationship between the parties is ultimately changed to that of judgement debtor and judgement creditor, respectively.

Certified Document Number: 84506291 - Page 6 of 9

## VI.  CONDITIONS PRECEDENT

24.     All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred and/or Occidental waived the same. This includes, but is not limited to, providing notice pursuant to TEXAS INSURANCE CODE 542A and pre-litigation alternative dispute resolution, if any.

## VII.  DAMAGES

25.     Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

26.     As previously mentioned, Plaintiffs' covered losses have not been properly addressed or paid, which has prevented Plaintiffs from making necessary repairs, thus causing further, consequential damage, to the Property while also causing undue hardship and a burden on Plaintiffs. These damages and losses are a direct result of Defendants' mishandling of Plaintiffs' Claim in violation of the terms of the Policy at issue and of the laws set forth above.

27.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain with respect to their purchase of the Policy, which is the amount of their Claim, together with attorneys' fees under TEXAS CIVIL PRACTICE & REMEDIES CODE Section 38.001.

28.     For noncompliance with the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorneys' fees.

29.     For noncompliance with the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiffs are entitled to interest on the amount of the Claim as damages at the rate

Certified Document Number: 84506291 - Page 7 of 9

determined under TEX. INS. CODE §542.060, together with reasonable and necessary attorneys' fees.

30.     For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Occidental's breach of its Duty, such as additional costs, economic hardship, additional losses resulting from nonpayment of the amount owed, exemplary damages, and damages for emotional distress.

31.     For the prosecution and collection of this Claim, Plaintiffs have been compelled to engage the services of the attorneys and law firms whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Texas Supreme Court.

## VIII.  JURY DEMAND

32.     Plaintiffs request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed

Certified Document Number: 84506291 - Page 8 of 9

by law, and for all such other and further relief, whether by law or at equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS LLP**

By: */s/ Sean H. McCarthy*
Sean H. McCarthy
State Bar No. 24065706
P. Griffin Bunnell
State Bar No. 24080815
8441 Gulf Freeway, Ste 600
Houston, TX 77017
Telephone: 713-230-2322
Fax: 713-643-6226
Email: smccarthy@williamskherkher.com
E-mail: gbunnell@williamskherkher.com

AND

**THE COOK LAW FIRM, PLLC**
Andrew C. Cook
State Bar No. 24057481
8441 Gulf Freeway, Sixth Floor
Houston, Texas 77017
Telephone:  (713) 230-2366
Facsimile: (713) 643-6226
Email: acc@texinsurancelaw.com

**ATTORNEYS FOR PLAINTIFFS**

Certified Document Number: 84506291 - Page 9 of 9



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 1, 2019

Certified Document Number:        84506291 Total Pages:  9

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

3/26/2019 3:20:43 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32251419
By: HALL, JOSHUA E
Filed: 3/26/2019 3:20:43 PM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____     COURT *(FOR CLERK USE ONLY)*: _____

STYLED _LAWRENCE and JOAN SINGER v OCCIDENTIAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA_

*(e.g., John Smith v. All American Insurance Co. In re Mary Ann Jones. In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: | Email: |
|---|---|
| P. GRIFFIN BUNNELL | gbunnell@williamskherkher.com |

| Address: | Telephone: |
|---|---|
| 8441 Gulf Frwy, 6th Floor | 713-230-2200 |

| City/State/Zip: | Fax: |
|---|---|
| Houston, Texas 77017 | 713-643-6226 |

| Signature: | State Bar No: |
|---|---|
| /s/   P. Griffin Bunnell | 24080815 |

## Names of parties in case:

Plaintiff(s)/Petitioner(s):

**LAWRENCE AND JOAN**

**SINGER**

Defendant(s)/Respondent(s):

**OCCIDENTIAL FIRE &**

**CASUALITY COMPANY OF** +

**NORTH AMERICA** +

*[Attach additional page as necessary to list all parties]*

## Person or entity completing sheet is:

- [x] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other:

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [x] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability

- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:

- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/ Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus— Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property

- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action

- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment

- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:

- [x] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 1, 2019

Certified Document Number:      84506292 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

3/26/2019 3:20:43 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32251419
By: HALL, JOSHUA E
Filed: 3/26/2019 3:20:43 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:** PLAINTIFF'S ORIGINAL PETITION

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINAP

**Address of Service:** 1999 BRYAN STREET, SUITE 900

**City, State & Zip:** DALLAS TEXAS 75201

**Agent (if applicable)** C. T. CORPORATION SYSTEMS

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ Citation | ☐ Citation by Posting | ☐ Citation by Publication | ☐ Citations Rule 106 Service |
| ☐ Citation Scire Facias | | Newspaper_____ | |
| ☐ Temporary Restraining Order | ☐ Precept | | ☐ Notice |
| ☐ Protective Order | | | |
| ☐ Secretary of State Citation ($12.00) | ☐ Capias (not an E-Issuance) | ☐ Attachment |
| ☐ Certiorari | ☐ Highway Commission ($12.00) | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | ☐ Garnishment |
| ☐ Habeas Corpus | ☐ Injunction | ☐ Sequestration |
| ☐ Subpoena | | |
| ☐ Other (Please Describe) _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____   ☐ **E-Issuance by District Clerk**
☑ **MAIL to attorney   at:** address below   **(No Service Copy Fees Charged)**
☐ **CONSTABLE**   *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: P. Griffin Bunnell   Bar # or ID 24080815

Mailing Address: 8441 Gulf Freeway, 6th Floor

Phone Number: 713-230-2356 (direct line)

Certified Document Number: 84506293 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 1, 2019

Certified Document Number:      84506293 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

4/10/2019 10:08 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32655061
By: Mercedes Ramey
Court Stamped Filed: 4/10/2019 10:08 AM

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | |
|---|---|
| **District Court**<br>**165th Judicial District**<br>**of Harris County, Texas** | |

| Plaintiff | Cause # |
|---|---|
| **LAWRENCE AND JOAN SINGER** | **201921760** |

| Defendant(s) | Came to Hand Date/Time |
|---|---|
| **OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA** | **4/04/2019**   **8:11 PM** |

| Manner of Service | Service Date/Time |
|---|---|
| **Personal** | **4/08/2019**   **1:59 PM** |

| Documents | Service Fee: |
|---|---|
| **CITATION; PLAINTIFFS' ORIGINAL PETITION** | **$77.50** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **4/08/2019** at **1:59 PM**: I served **CITATION and PLAINTIFFS' ORIGINAL PETITION** upon **OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA c/o C T CORPORATION SYSTEM, REGISTERED AGENT** by delivering **1** true and correct copy(ies) thereof, with **OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA c/o C T CORPORATION SYSTEM, REGISTERED AGENT, Who accepted service, with identity confirmed by subject stating their name, a black-haired white female approx. 25-35 years of age, 5'6"-5'8" tall and weighing 140-160 lbs** at **1999 BRYAN STREET SUITE 900, DALLAS, TX 75201-3136**.

My name is: **Kurtis Isokpan**. My date of birth is: **10/02/1992**

My address is: **4461 Sierra Dr., Grand Prairie, TX 75052**, USA.

My process server identification # is: **PSC-14185**. My Certification expires: **3/31/2020**.

I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in ___Dallas_____ county, TX.

_____
Kurtis Isokpan

___April 10, 2019_____
Date Executed

Certified Document Number: 84743829 - Page 1 of 1

Ref  **240890 Singer**

**0035342791**



The Cook Law Firm PLLC

Tracking # **0035578839**



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 1, 2019

Certified Document Number:        84743829 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

4/25/2019 1:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33065787
By: Mercedes Ramey
Filed: 4/25/2019 1:13 PM

CAUSE NO. 201921760

| | | |
|---|---|---|
| LAWRENCE AND JOAN SINGER | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 165TH JUDICIAL DISTRICT |
| | § | |
| OCCIDENTAL FIRE & CASUALTY | § | |
| COMPANY OF NORTH CAROLINA | § | HARRIS COUNTY, TEXAS |

## DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant in the above-styled and numbered cause, and make and files this, their Original Answer in reply to Plaintiffs' Petition, and for such answer would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a).  This mediation is required under the Texas Insurance Code and Texas Business & Commerce Code.   TEX. INS. CODE § 541.161(b).

4.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss.  Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser.  In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit.  Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse.  Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

5.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as

Certified Document Number: 84959665 - Page 2 of 4

evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

6.

Requests for Disclosure

At the time required by law or the Rules, the Defendant requests the Plaintiffs to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West* _____
        Mikell A. West
        State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

## <u>CERTIFICATE OF SERVICE</u>

I, Mikell A. West, hereby certify that on the 25th day of April, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*<u>Attorneys for Plaintiffs</u>*
Sean H. McCarthy
P. Griffin Bunnell
Williams Kherkher Hart Boundas LLP
Email: smccarthy@williamskherkher.com; gbunnell@williamskherkher.com

Andrew C. Cook
The Cook Law Firm, PLLC
Email: acc@texinsurancelaw.com

**VIA E-FILING**

*/s/ Mikell A. West*
Mikell A. West

Certified Document Number: 84959665 - Page 4 of 4



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 1, 2019

Certified Document Number:        84959665 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

4/25/2019 1:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33065787
By: Mercedes Ramey
Filed: 4/25/2019 1:13 PM

CAUSE NO. 201921760

| | | |
|---|---|---|
| LAWRENCE AND JOAN SINGER | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 165TH JUDICIAL DISTRICT |
| | § | |
| OCCIDENTAL FIRE & CASUALTY | § | |
| COMPANY OF NORTH CAROLINA | § | HARRIS COUNTY, TEXAS |

## **DEFENDANT'S DEMAND FOR JURY**

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Defendant in the above-referenced cause, and demands a trial by jury.  The jury fee was previously paid by Plaintiffs.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West*
        Mikell A. West
        State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

Certified Document Number: 84959666 - Page 1 of 2

## <u>CERTIFICATE OF SERVICE</u>

  I, Mikell A. West, hereby certify that on the 25th day of April, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*<u>Attorneys for Plaintiffs</u>*
Sean H. McCarthy
P. Griffin Bunnell
Williams Kherkher Hart Boundas LLP
Email: smccarthy@williamskherkher.com; gbunnell@williamskherkher.com

Andrew C. Cook
The Cook Law Firm, PLLC
Email: acc@texinsurancelaw.com

**VIA E-FILING**

           */s/ Mikell A. West*
           Mikell A. West

Certified Document Number: 84959666 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 1, 2019

Certified Document Number:        84959666 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**